IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JESSIE M. DENNIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:14-cv-481-O |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social § | |
| Security, § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued a Report and Recommendation (ECF No. 20) in this case. The Magistrate Judge recommended that the Commissioner's decision be affirmed and the complaint be dismissed with prejudice. R&R, ECF No. 20. Plaintiff filed objections. *See* Pl.'s Obj. R&R, ECF No. 21. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Having reviewed the Motion, the applicable law, and the record before the Court, the Court finds the Report and Recommendation in this case is hereby **ACCEPTED**.

I.  **BACKGROUND**

Dennis filed an application for disability insurance benefits under Title II of the Social Security Act on June 27, 2011. Admin. Record ("Decision") 15, App. 21, ECF No. 12-3. Following a hearing on November 13, 2012, an Administrative Law Judge ("ALJ") determined that Dennis was not disabled. R&R 2, ECF No. 20. The Magistrate Judge found that the ALJ properly evaluated

Dennis's Paragraph B limitations and the ALJ did not err in assigning "no weight" to Dennis's treating physicians' opinions. *Id*. at 6. Moreover, the Magistrate Judge found substantial evidence to support the ALJ's residual functional capacity assessment. *Id.* at 11. Therefore, the Magistrate Judge recommends that the Commissioner's decision be affirmed and Plaintiff's complaint dismissed with prejudice. *Id.* at 13.

Dennis objects to the Report and Recommendation on the following grounds: (1) first, Dennis objects on the basis that the Commissioner's decision is not supported by substantial evidence; (2) second, that the Magistrate Judge erred in finding that the ALJ gave proper consideration to the opinion of the treating physicians; (3) third, that the ALJ failed to consider the effect of moderate limitations in social functioning upon her ability to perform her past relevant work activity; (4) fourth, that the ALJ failed to consider all of Plaintiff's medical problems in evaluating the residual functional capacity. Pl.'s Obj. R&R 1–3, ECF No. 21.

## II.   LEGAL STANDARDS

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no

substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). "The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id.* § 404.1520a(d)(3).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See id.* Thus, the

3

Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id.*

**III. ANALYSIS**

In her appeal from the Commission's decision, Dennis argues that the ALJ's decision is not supported by substantial evidence. Dennis further objects that the ALJ erred in failing to consider all of the functional limitations resulting from Dennis's mental impairments, improperly rejected medical opinion evidence, and failed to consider all of Dennis's functional limitations in evaluating her residual functional capacity.

The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Smith v. Chater*, 962 F. Supp. 980, 983 (N.D. Tex. 1997). In this case, the ALJ followed the five-step evaluation process, held a hearing, and considered Dennis's relevant medical records. Decision, App. 35, ECF No. 12-3. After reviewing the credible evidence, the ALJ found Dennis is able to return to her past relevant work. Therefore, the ALJ judge found Dennis is not disabled, as defined in the Social Security Act. *Id.* at App. 33.

**A. The ALJ's Decision Is Supported by Substantial Evidence**.

The ALJ found that Dennis was not disabled. *Id.* If the decision is supported by "substantial evidence," it must be affirmed. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Newton*, 209 F.3d at 452 (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). Dr. Stephen J. Karten's ("Karten") prognosis of Dennis is included in the record as "fair to good, with treatment for IBS." Admin. Record, App. 295, ECF No. 12-8. The ALJ considered Dennis's mental status examination and GAF (Global Assessment of Functioning), finding that neither supported her

4

allegation of disability. *Id.* at App. 31, ECF No. 12-3. The ALJ noted that Dennis's failure to comply with treatment plans suggests her conditions are not as limiting as alleged. *Id.* at App. 30. The ALJ's position is also supported by Dr. Robert Gilliland, M.D.'s ("Gilliland") Psychiatric Review Technique and Physical Residual Functional Capacity Assessment of Dennis. *Id.* at App. 298–315. The ALJ also accepted the testimony of Ms. Humphries, the vocational expert, in finding Dennis's "past relevant work as a customer service representative, as it is customarily performed in the national economy, does not required the performance of work-related activities that are precluded by the limitations in the foregoing residual functional capacity." *Id.* at App 34. Moreover, the ALJ found good reason to disregard the opinions of Dennis's treating physicians. This evidence rises above a mere scintilla and there is not a conspicuous absence of credible evidence to support the Commissioner's decision. *Johnson*, 864 F.2d at 343–44. Moreover, the reviewing Court is not in a position to re-weigh the evidence, try the issues, or substitute its own judgment. *Greenspan*, 38 F.2d at 236. Thus, the ALJ's position is supported by substantial evidence, and Dennis's objection is **OVERRULED**.

      **B.**    **The ALJ Did Not Fail to Consider Functional Limitations from Mental Impairments.**

Dennis contends that the ALJ erred in failing to consider all of the functional limitations resulting from the Plaintiff's severe mental impairments. Dennis notes findings from Dr. Darsa, Dr. Karten, and Dr. Gilliland with respect to Dennis's mental impairments which include, for example, social isolation and anxiety disorder. Pl.'s Obj. R&R, App. 1–3, ECF No. 21. 20 C.F.R. § 404.1520a sets forth procedures for evaluating the impact of mental impairments on a claimant. The regulation identifies "four broad functional areas" in which to rate the degree of a claimant's

5

functional limitation: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). Based on these ratings, the impairments will either be deemed "severe" or "not severe." *Id*. § 404.1520a(d)(1)–(2). The regulation also requires the ALJ to make "specific findings as to the degree of limitation in each of the functional areas" and "the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairments." *Id.* § 404.1520a(e).

The ALJ complied with the regulations by detailing Dennis's significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of her mental impairments. The ALJ found that Dennis is capable of performing a wide range of daily activities and that her mental impairments have mildly restricted her activities of daily living. The ALJ further found that Dennis's mental impairments created mild difficulties in maintaining social functioning, and moderate deficiencies of concentration, persistence, or pace. The ALJ noted that Dennis's mental status was excellent at the time of her consultative examination and that she never had an episode of decompensation due to her mental impairments. The ALJ also considered Dennis's GAF of 60 assessed by Dr. Karten in finding that Dennis is not disabled. Thus, the ALJ properly evaluated Dennis's mental impairments and this objection is **OVERRULED**.

    **C.**    **The ALJ Did Not Err in Assigning "No Weight" to Certain Medical Opinions.**

In general, an ALJ may reject the opinion of the treating physician "only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newtown*, 209 F.3d at 453. "Even though the opinion and diagnosis of a treating

6

physician should be afforded considerable weight in determining disability, 'the ALJ has sole responsibility for determining a claimant's disability status.'" *Id.* at 455 (citing *Paul v. Shalala*, 29 F.3d 208, 2011 (5th Cir. 1994). "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id.* The SSA Regulations list factors an ALJ must consider before determining that a treating physician's opinion is not entitled to controlling weight. *See* 20 C.F.R. §404.1527(d)(2); *Newton*, 208 F.3d at 456. "Specifically, this regulation requires consideration of: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician." *Id.*

In reaching his conclusion, the ALJ expressly considered factors for rejecting a treating source's opinion. Decision, App. 31, ECF No. 12-3; *see Myers v. Apfel*, 238 F.3d 617 (5th Cir. 2001). The ALJ noted his responsibility to consider the "length, nature, and extent of the treatment relationship; the frequency of the examinations; the supportability by other evidence given by the medical source, such as medical signs and laboratory findings; the extent of his explanation; and the consistency with the record as a whole," and that specialists' opinions are afforded greater weight. Decision, App. 31, ECF No. 12-3; *Newton*, 209 F.3d 448. Engaging in this analysis, the ALJ considered that Dr. Darsa and Dr. Walter have longstanding treating relationships with Dennis, that Dr. Walter is not a specialist; that there was a lapse in treatment from November 2011 to June 2012; that the physical examinations are inconsistent with the doctors' findings of disability; the lack of objective support for Dennis's subjective complaints; and the lack of support from the medical signs. Decision, App 31, ECF No. 12-3. The ALJ determined that the doctor's ultimate conclusion that

7

Dennis cannot work is "not consistent with the record as a whole or with any one physician's treatment records." *Id.* Dennis did not appear for treatment from Dr. Darsa from March 2010 until March 2011. Admin. Record, App. 328, ECF No. 12-8. Therefore, the ALJ rejected these opinions.

"Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456. The ALJ's stated reasons for rejecting the Dr. Darsa and Dr. Walter's opinions included lack of speciality, lapse in treatment, failure to explain discrepancies between findings and objective evidence, the opinions of other experts, and over-reliance on Dennis's complaints without corroborating objective evidence. *See Newton*, 209 F.3d at 455–56. Therefore, the ALJ found good reason to disregard Dennis's treating physicians' opinions and this objection is **OVERRULED**.

> D. **The ALJ Did Not Fail to Consider Functional Limitations in Determining Residual Functional Capacity.**

Residual functional capacity is defined as: "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). Residual functional capacity is based on all relevant evidence, including the medical records, observations by treating physicians and others, and an individual's own description of his limitations. *Id.* Here, Dennis objects to the "ALJ's failure to fully consider all the functional limitations resulting medical impairments which he acknowledged to exist." Pl's Obj. R&R 6, ECF No. 21. Specifically, Dennis complains that the ALJ failed to consider Dennis's recurrent episodes of diarrhea. However, as noted by the Magistrate, "it is well-established that an ALJ can consider all the evidence in the record without directly addressing each

8

peice of evidence in his opinion." R&R 12, ECF No. 20; *accord Ramirez v. Colvin*, 2:12-cv-262, 2014 WL 1293888, at *10 (N.D. Tex. Mar. 28, 2014) (citing *McFadden v. Astrue*, 465 Fed. App'x. 557, 559 (7th Cir. 2010); *Loral Defense Sys.-Askron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.").

The ALJ concluded that Dennis "can lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently; stand, walk, and sit (individually or in combination) through an eight-hour workday; and otherwise perform the full range of light work, except she can performed detailed, but not complex, instructions." Decision, App. 32, ECF No. 12-3. This determination is supported by substantial evidence, particularly Gilliland's Psychiatric Review and Physical Residual Functional Capacity Assessment. Admin Record, App. 300–315, ECF No. 12-8. The ALJ took note of Dennis's reported physical and mental limitations, including Dennis's recurrent episodes of diarrhea, the need to take two sets of clothing to work, and the fact that Dennis has to wear diapers due to her condition. *Id.* at App. 28–31. Thus, the ALJ fully developed the record including all relevant evidence in making his determination regarding residual functional capacity. The ALJ is not obligated to recite every single piece of evidence or the way each piece of evidence affects a residual functional capacity analysis. Because the ALJ did not commit legal error in determining Dennis's residual functional capacity and because the ALJ's determination is supported by substantial evidence, Dennis's objection to the ALJ's determination of her residual functional capacity is **OVERRULED** and the Magistrates Report and Recommendation is **AFFIRMED** on this issue.

IV.   **CONCLUSION**

9

Based on the foregoing analysis, the Court finds that the Magistrate Judge's Report and Recommendation in this case should be and is hereby **ACCEPTED** and the Plaintiff's case is **DISMISSED**.

**SO ORDERED** on this **17th day** of **September, 2015**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE